```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF GEORGIA
                         ATLANTA DIVISION
```

UNITED STATES OF AMERICA        :      CRIMINAL ACTION NO.
                                :
        v.                      :      NO. 1:14-CR-244-SCJ-ECS
                                :
                                :
IVAN WILSON BLUE,               :
                                :
        Defendant               :

**REPORT AND RECOMMENDATION OF**
**THE MAGISTRATE JUDGE**

**I.**

This case is before the Court on Defendant's motion to suppress statements, [Doc. 14], and Defendant's motion to suppress the search of a cell phone, [Doc. 15]. The motions were set down for a hearing on September 15, 2014. Thereafter, a briefing schedule was set and the transcript was filed. Defendant declined to file a post-hearing brief. The government filed its post-hearing response brief on January 28, 2015. Defendant filed no reply. For the reasons stated herein, the undersigned **RECOMMENDS** that the motions be **DENIED**. The statement made by Defendant at the airport was given by Defendant after administration of Miranda warnings and the a signing of a waiver. The statement was voluntary and not coerced. The search of Defendant's cell phone was a border search supported by reasonable suspicion that did not require a warrant.

**II.**

**Discussion**

Simply stated, the facts at the evidentiary hearing revealed that on Friday evening, June 20, 2014, Defendant arrived at Hartsfield-Jackson International airport on a Delta flight from Montego Bay, Jamaica. (T. 8-10).[1] At the international concourse he was referred by Customs and Border Protection ("CBP") to for secondary inspection where CBP agents discovered approximately one kilogram of cocaine in Defendant's luggage. (T. 8,17,20,25). He was detained, taken to a holding cell, and his luggage and cell phone were seized. (T. 8-10,17,21,23).  He was later interviewed for approximately one hour by Agents Martin Kautz and Brian Haley, after he was advised of his rights under Miranda and freely and voluntarily signed a waiver. (T. 10-15, 22).  There was no evidence that the waiver of rights by Defendant was not knowing, intelligent and voluntary,  nor was there any evidence that the statements made were coerced or involuntary.[2]  The motion to suppress his statement should, accordingly, be **DENIED.** **See** Miranda v. Arizona, 384 U.S. 436, 475-79 (1966); Colo. V. Connelly, 479 U.S. 157, 170 (1986).

During the interview, Agent Kautz inspected Defendant's cell phone and, later, Agent Haley attempted to extract data from the

---

[1]   References to the transcript of the evidentiary hearing [Doc. 37] will be indicated as "(T. page)".

[2]  As indicated above, Defendant has not made any argument or pointed to any evidence that would contradict this finding.

2

cell phone using extraction software designed for this purpose. (T. 17-19, 24,30-31). After a couple of unsuccessful attempts, the data was finally downloaded onto a disk on Sunday evening or Monday morning, June 23. (T. 19). The government submits that the search of the cell phone was justified by the border search exception to the warrant requirement. [Doc. 45 at 5-7]. Defendant argued in his preliminary motion that the search of the cell phone as an incident to Defendant's arrest was a violation of his Fourth Amendment rights, in light of Riley v. California, 134 S. Ct. 2473 (2014). [Doc. 15 at 4-6].

The Fourth Amendment does not require warrants for routine stops and searches at the border. United States v. Montoya de Hernandez, 473 U.S. 531, 537 (1985) (executive branch has plenary authority to conduct warrantless routine searches to regulate the collection of duties and to prevent the introduction of contraband); Denson v. United States, 574 F.3d 1318, 1340 (11th Cir. 2009) (customs may inspect luggage, pat down international traveler at airport without any level of suspicion). Under the "border search" exception to the warrant requirement, routine border stops and searches of persons, luggage, personal effects, and vehicles may be conducted without probable cause or reasonable suspicion. Montoya de Hernandez, 473 U.S. at 538. Detention beyond a routine customs stop, however, requires at least reasonable suspicion of wrongdoing. Id. at 541; Denson at 1341-42. Most searches of persons, luggage, personal effects, and vehicles are sufficiently nonintrusive to

AO 72A
(Rev.8/82)

qualify as routine border searches. Almeida-Sanchez, 413 U.S. at 272 (1973); United States v. Alfaro-Moncado, 607 F.3d 720, 731-32 (11th Cir. 2010).

In this case, the initial searches of Defendant's luggage and his person were sufficiently non-intrusive so as not to violate the Fourth Amendment.  It is not necessary, however, to determine whether the intrusion into the cell phone would require a higher standard of justification than merely Defendant's presence at the border.  Here, once the officers found the kilogram of cocaine in defendant's luggage, it is beyond cavil (and, indeed, beyond peradventure as well) that the officers had reasonable grounds, indeed probable cause, to suspect that evidence of drug importation would likely be found on Defendant's person and within his cell phone.

Accordingly, I conclude that the search here falls within the well-established parameters of a border search requiring no warrant. Riley v. California, 134 S. Ct. 2473 (2014), which held that the police are generally required to obtain a warrant to search a cell phone incident to a lawful arrest, has no direct application to the circumstances presented here.  Defendant likewise has cited no authority on point to support his position that the Riley reasoning changes the law of border search.  Indeed, the only authority on point, from district courts, holds that a warrant is not required to search a cell phone or computer at the border, especially where, as here, the officers had more than reasonable suspicion to support the

4

warrantless intrusion.  See <u>United States v. Saboonchi</u>, 2014 WL 3741141 *5 (D. Md.); <u>United States v. Martinez</u>, 2014 WL 3671271 *3-*4 (S.D. Cal.).  At least where reasonable suspicion or probable cause is present, customs officers will be on firm ground in searching cell phones and computers at the border.  See <u>United States v. Thompson</u>, 2014 WL 4660753 (W.D. La.); <u>United Astates v. Hassanshahi</u>, 2014 WL 6735479 (D. D.C.).

### III.

### Conclusion

In conclusion, it is my recommendation that the motion to suppress statements, [Doc. 14], and the motion to suppress evidence obtained from the cell phone [Doc. 15] be **DENIED**.

In addition, it appearing that there are no further pretrial or discovery matters to bring before the undersigned, it is therefore **ORDERED** that this case be and is hereby **CERTIFIED** as ready for trial.

**SO REPORTED AND RECOMMENDED**, this 11th day of March, 2015.

*S/ E. Clayton Scofield III*
E. Clayton Scofield III
United States Magistrate Judge

AO 72A
(Rev.8/82)